Good afternoon and may it please the court. I am Scott Emmerich and I along with my co-counsel Mr. John Eric Gard represent the appellant Prymas Vaz in this case. I would like to reserve one minute of my time for rebuttal. Okay. This case is about a client who was victimized and cheated by his immigration lawyer. So he reported his lawyer's conduct to a governing body that is responsible for investigating and disciplining immigration lawyers. That body sat on his complaint for nearly two years before my client decided to file the underlying petition. I thought he also in addition to the EOIR complaint filed a complaint with the California bar which dismissed it. Is that right? That's correct your honor. He did file a complaint with the California bar and I wasn't handling that complaint. I don't care who was handling it. I want to know what the California bar said. My understanding is that he took no further action your honor. You must have read whatever the California bar issued. What did it say? They said that they would not take no further action. Did they say why? I'm not sure your honor if they said why. Did you read it? I did read it your honor some time ago. But it's my understanding that they found not enough grounds to proceed with further investigation. I think the government said they said sufficient evidence but I don't think the California pleadings are in the record. Okay so that would probably yeah that's my memory as well your honor. However just because the California bar did not find sufficient evidence does not preclude EOIR who is a separate governing agency. Well I think that's right. It doesn't preclude it but the way I read 8 CFR 1003.104 they have a duty to initiate a but I don't see anything there. There might be something in the APA but I don't see anything in 1003 that places any time limits on them acting and they put in a declaration we're real busy. We got a huge backlog. How did they violate 1003 to entitle you to mandamus when 1003 doesn't impose a mandatory duty that they decide the case within any particular time period? Your honor just because the code doesn't specify timetable that doesn't preclude a mandamus action from being brought or an APA. Well right now I'm talking about the the statute but there is a mandatory duty I think in here and I'll talk to your friend about this but I think there is a mandatory duty to initiate a preliminary inquiry. But doesn't the fact that the regulation lists that as a additional unstated mandatory duty to decide in any particular time period? I don't think so your honor because the statute also says that the complainant and the practitioner shall be notified of the decision in writing. Well see I don't see that and although the government hasn't explicitly as I understand their briefs made that this argument that I'm about the state that's not the way I read the reg. The reg has a sentence that says disciplinary counsel may in the disciplinary counsel's discretion close a preliminary inquiry if the complainant fails to comply with reasonable requests for assistance. The complainant and the practitioner shall be notified of any such determination in writing. The way I read the reg is the mandatory notification only comes into play such determination is if they decide not to go forward because of complainant failing to comply. Why isn't that the natural reading of this reg? Well I think your honor I think the process throughout the entire code of all the subsections of ACFR 1003 right there I think the use of the word will and shall actually create this duty to the practitioner and to the complainant. But what I'm looking at is such shall be notified. I agree that's a mandatory word here of such determination but the only to me reasonable way to read this regulation is such determination refers to the specific determination referenced in the immediately prior sentence. I'm understood your honor. However, I do believe it does create a duty for an overall determination to be issued. I would just read the words to say what they say. I don't understand why they create something implicit beyond that. But let me ask you a different question because I see there's, it's hard to see past this screen. Let me just lay out a view of the case that I'm attracted to and it's adverse to you and I want you to educate me on why I'm mistaken. Here is my rough sense of it. You're asking for mandamus. Mandamus is an extraordinary remedy rarely granted. One of the things that you need for mandamus is that the tribunal that you seek to have mandamus be way out of line. And we have something we call the track factors in the Ninth Circuit that also apply. Now as far as the way out of line goes, it's hard for me to see the amount of delay in this case is extraordinary. I'm sure it would be bored he's seeking to win it in front of. On the other hand, he may lose. And in that case, delay is actually helpful rather than harmful to your client. Or at least speeding up the resolution would not be helpful. Prejudice is one of these track factors that we're supposed to consider in mandamus. Another factor that we're supposed to consider is we have a pretty persuasive affidavit or agency that they're drastically understaffed. There's no way they can process the number of cases they have fast or much faster than they do with their tiny staff for this sort of thing. Maybe the agency should give them more staff, but right now they don't have enough. All I can see if you were to get the mandamus is that you get to go to the head of the line and somebody else who was at the head of the line falls back and everyone else falls back on space. And there's a circuit court decision, it's not ours, it's one of our sister circuits, that says if all you do is get to the head of the line so that the rest of the line is pushed back once, that cuts against granting the party seeking mandamus any relief. Okay, now you have my rough view of the case. What have I got wrong? I must have something wrong because you're nowhere if I'm right. And I have gone over time. No, go ahead. I went over time. Please answer Judge Kleinfeld's question and we will take your time to answer the question. We'll give you your rebuttal time. And my co-counsel is also going to touch on this issue, but I'm happy to answer it. The extraordinary part of this case, Your Honor, is my client's position of also having a motion to reopen pending before the Department of Justice as well, who is also part of EOIR. So the same governing body right now is determining his motion to reopen to protect him from being removed from this country and investigating Mr. Sopte. And investigating Mr. Sopte goes to the heart of my client's eligibility for future relief to reopen his proceedings due to ineffective assistance of counsel. All right, thank you counsel. And I mean I will say that the pretty attorney are, to my eye, pretty serious allegations. And irrespective of my view on mandamus, I will certainly be asking your friend where they are with regard to this investigation and see if we can get hopefully a helpful update as to where we are. Because the way I read them, these are not remotely frivolous kinds of allegations that your client has made. Thank you, Your Honor. And we'll give you a minute for rebuttal. Thank you, Your Honor. If it would please the court, this petitioner isn't just going to go to the back of the line. This petitioner is going to leave the country. Without the that is that is anything going on right now? There is a pending motion to reopen. No, I understand that. But has has the department taken any steps since your briefing to indicate that deportation is in any way imminent? Yes, he is on constant order of supervision. He would constant, constant order of supervision. Anything beyond that reports to ice and tells him the status. And it must be soon as these proceedings are over, he will be packing his bags and leaving by order of the Immigration Customs. Although I do have to say, Counsel, I'm not sure that our colleague Judge Fisher sees quite as many as immigration cases as Judge Kleinfeld and I do. But I can certainly say that even in the short time I've been on the bench, the fact that there may be pending orders of removal does not translate in most cases that I've seen into any kinds of immediate removals. Not all the time, but there's been conversations that are off record indicating that they're ready for to remove them. But for these proceedings, but you mean, but for this case? Yeah, okay. But for these case, okay, this case, and I'd like to hear if the government has evidence to the contrary. Sure, you're subject to removal order, but welcome home. He does have businesses. He does have property. He does have family, all of whom are U.S. citizens or locally licensed businesses. So his ties here are tremendous. But nonetheless, he is, until he gets status, out of status. So he's very vulnerable. So his standing is beyond those waiting in line. If he loses, he perjury and malpractice, forgery. There are signatures made on my client's behalf that were not made by him. We have, for a forensic examiner, showing these are forged signatures. He's been through a lie detector test, a polygraph, showing that he never signed any of these documents. Now, counsel, obviously, it would help your motion to reopen and your case if the government move forward with an investigation. But that the fact that the government hasn't doesn't in any way preclude you from trying to offer the agency the evidence that you've made available to us, right? And we have pardon me. Yes, but I'm saying I'm saying it would certainly be a to your case, but it doesn't mean that your remedy lists without it. It would be nice if they would agree with us. It also shows that clearly, uh, you complained. You filed the appropriate complaints. Uh, and, uh, so I'm just sort of a loss. I hate to see the delay. And we do have a lot of cases in the Third Circuit, not as many as a ninth as I'm sorry to hear about the delay here, but I understand why things get delayed. I guess I'm just sort of a loss as to how this delay really harms your client's case. Because until the board, um, looks at these clear egregious violations of void as to his standing, his the validity of his claims. But we have allegations to go back to Judge Kleinfeld's question. As long as this is still pending without a determination, don't you get to tell the immigration agency? Hey, it's still pending. The department is still looking at this. They haven't given. They haven't told us it's totally rejected. Ninth Circuit Court is very clear that during a pending motion to reopen, they can remove you. No, no, I understand. I understand they can, but you're probably telling them, Please don't, at least until this is resolved based on our complaint, right? So if I'm remembering Judge Kleinfeld's question correctly, you're probably you may be better off with it open than if they're gonna end up rejecting it. Well, Your Honor, if somebody in my position was that influential to immigration and customs enforcement, I wouldn't be here. The reality is they're poised to remove him. They can keep him. But I've heard from an officer verbatim that they're poised to remove him because this has been going on too long. Ah, but that leads to the issue of ineffective assistance of prior counsel, which I think the evidence on record speaks for decision for something to speak for itself. You could lose even if the lawyer did all these bad things that had your clients accusing him of so many of these ineffective assistance cases are lost because of lack of prejudice. Indeed, the deciding body, whether it's the B. I. A. Or or or discord or anyone else, often says, Well, the Lord, we're assuming the Lord did all these bad things, but it wouldn't have mattered because the petitioner had a case that was a sure loser no matter what the lawyer did. And if that happens, it's worse than the present state of affairs for your client. But it's not a sure loser because the fact of the matter is all of the attorneys misconduct. All the attorneys bad deeds have been imputed onto the client. And for that reason, none of these motions reopen. Five of them have been approved. They've all been spurious allegations made by the attorney committing fraud, oftentimes in the process of filing them. All right. Thank you, Council. And we'll hear for the illumination of me and my colleagues. You could start with if you can give us an update on where the investigation is now. Yes, I spoke with disciplinary counsel on Monday to ask for an update on that. The preliminary inquiry continues. It has. It has begun and continues. They have asked for they've asked the attorney to provide a response. He asked for a 30 day extension to collect documentation for his response. He then retained counsel and got another seven days to the response. So as for additional time, disciplinary counsel gave an additional seven days. I don't what I don't know. And I just I wasn't clear on whether that seven days has lapsed. And now they have the response or if they're still in that is that is a helpful answer. Do your were your friends made aware of this? Or is this the first this is the first I just I just learned this on Monday at disciplinary counsel said, and I'm court and I asked him for that update. Well, that that that is that is helpful. Do you have any idea? And I know this is always a difficult question, especially for someone not involved. But whether that seven day period has run or not run, do you have any idea at all or an estimate as to how long you think it will take for there to be a final conclusion? And that I do not. Okay. That disciplinary counsel was unable to give that to me. And I think one of the things there's, you know, when we talk about this delay and it has it's been it's been they're running, you know, it's about 44 or five years to resolve one of these things once and when a complaint is made, if it's not given priority. And I will say that disciplinary counsel does prioritize certain complaints. And I mean, I will say they deal with some crazy allegations. I mean, there are these are pretty. These are pretty. I mean, I'm not familiar with with the whole panoply of immigration lawyer misconduct. But but to my eyes, these are some pretty serious allegations that are made in a very detailed way. Yes. And and and that is so. So the point that I was going to make is, first of all, there's the backlog. I mean, first of all, there's the delay just because there are so many. And if a case is not given a priority status and when I'm talking about priority, you know, the example disciplinary counsel gave to me was an attorney who's making actual threats of physical violence against the judge or the attorney who has to be taken from the courtroom by the marshals because they won't they won't comply with the with the judge's orders in any event. So once you get to the line, I mean, once once you get to that place, then the investigation itself takes a lot of time, not only because you've got due process obligations to the attorney, but also then after the disciplinary counsel gets all of that information, then they actually do have to go through and investigate. But part of part of the problem is severe understaffing. Exactly. So but so let me just ask you, says the pandemic exacerbated the delay. It has. And that's in the affidavit from disciplinary counsel that was attached to our response and motion to dismiss. So, but I mean, obviously, the pandemic is beyond anyone's control. But when I look at five U. S. C. 706, the A. P. A. Standard of compelling agency action unlawfully withheld, which I don't believe we're dealing with here or unreasonably delayed. The pandemic is not the government's fault. But when we obviously, but when we look at unreasonably delayed, why isn't it the government's fault that the agency is so understaffed in terms of our calculus of what's reasonable and unreasonable, given the nature of the allegations? I mean, why can't we look at whatever the legitimate administrative reasons or decisions are, but also look at the bottom line off? This is an important agency that is really understaffed. Why can't we look at whether that factors into unreasonableness? Well, I think that I think that that's not the role of the courts, either in mandamus or in the A. P. A. I mean, this is this is an office. First of all, the purpose of this office. I mean, this office isn't about giving non citizens another arrow in their quiver for their motion to reopen, right? This is about the right. It's about. It's about justice. It's about just and the complaint they have filed, at least the way I read it. I mean, it may turn out to be totally untrue, but the complaint is seeking a just result, right? That's what it purports to see. And but but the result that is available here. I mean, there is what the what the disciplinary council can do. They can do private administrations. They can close something down if if there's no merit to it. Worst most case scenario, most of your scenario. They can refer it to the B. I. A. That can that can disqualify an attorney from ever appearing in immigration court again, right? They can't make the attorney give the client their money back. They can't order their attorneys to do certain things because because they're not operating on behalf of the client. They're operating on behalf of the system, and it does, and it does take time, and it probably, you know, it would be great if it if everything went faster than it did. But this goes back to the D. C. Circuit's decision in Bar Labs and what they said is yes, there should be more resources. That's a decision for the FDA to make, and we hope we would encourage them to do that. But in the meantime, putting this person at the front of the line, all it does is move everybody else a step back. And so to the extent there's a for us to have any idea of what the harm that would be caused by moving someone down the line is because it's impossible for us to know how serious the allegations are for the for the people who are currently behind Mr Voss and we could be causing more harm. I would I want to go back to answer the question that you raised to my friend on the other side about about this such determinations, because I was looking at that as well. The regulation which says that disciplinary counsel shall start a preliminary inquiry and that if they make the determination... And doesn't that requirement, not to stop you from answering Judge Bennett's question, but doesn't that requirement in and of itself give the district court subject matter jurisdiction under the Mandamus Act and under the APA of this case? You know, I actually don't think so. And I do think the jurisdiction issue is a tricky little issue, but but I don't think so. Because if you're right on that, you know, we don't have jurisdiction. They I mean, what what they say is, is that that the disciplinary counsel shall do a preliminary inquiry. Right. And so and he's doing a preliminary inquiry. I mean, that's to the extent like that's happening right now. Right. And then it says that and then the regulation says that they can that disciplinary counsel can determine that the issue has no merit and can close it if they don't get the reasonable response from the client that they want and that they should advise the complainant of such determination. So I do read that as you do, Judge Bennett. And we didn't make that point specifically in our briefing, either in the district court or here. I spoke with disciplinary counsel about that. And and what they say is that that they actually they do advise when the when the inquiry is over. They do advise the complainant of the result of the inquiry. And they read they actually read to there isn't there isn't a regulation that requires them to do that. But they read two different regulations. Going back to this jurisdictional issue. So explain to me and I know you have addressed this in your brief, but I'm not there with you. Explain to me why we don't have jurisdiction under the APA to make a determination of whether agency action here was unreasonably delayed. I mean, I think we would also have jurisdiction to determine if an agency action was unlawfully withheld, even if only to say no, it wasn't. But in terms of the possibility, at least, of granting relief, why wouldn't we have jurisdiction to make an APA determination of whether agency action here was unreasonably delayed? I think because because I don't think that the APA gives the courts the the the authority to tell the executive branch, you have to you have to put more resources, you have to reconfigure your your resources. But why wouldn't we have jurisdiction to say that? I mean, it can't be your argument that we would never have jurisdiction to find there was unreasonable delay no matter the facts. No, and it's I mean it seems to me that and I was thinking through that question like what in in what circumstances could you find unreasonable delay in a situation such as this? And I think first of all it would have to be a case where and this the case that they cite in in their brief, SAINI, S-A-I-N-I, was about a case that defendant had been granted asylum and had filed a petition to adjust status and USCIS sat on it for six years. And and the judge there actually ordered USCIS to to rule on it. And I think that at least implicit there was was a finding that that that petitioner's petition had been waiting a But wouldn't wouldn't that mean that at least under the APA we would have jurisdiction to consider whether they win or lose even if we're leaning toward perhaps finding they lose because there was no unreasonable delay here based on say for example the the declaration you submitted? Yes, I think so. So going back to your I think the the fundamental question is that both the APA and mandamus require a a non-discretionary mandatory duty. And and if you look at... To order relief. I don't think we even get there. They what what is required of the agency at this point is to get to a decision without unreasonable delay. Now we would not have to restructure the agency ourselves. All we'd have to do is say that the agency should be mandamus to issue a decision promptly because there has been unreasonable delay. And we might even say that promptly means within 30 days. And it would be the agency's problem if they defy a mandamus. Well they can go to jail for contempt of court I suppose. And the way to conform might be to work 24 hours a day. No sleep for you till you decide Dawson's case. But but I I don't I don't see why we why we wouldn't have jurisdiction to order that. That has nothing to do with the question of whether we should. Yes and and I see I'm I'm over my time but if I could just respond to that. And Judge Dawson did you know he made alternative holdings right. First he found that he had no jurisdiction because there because Mr. Vaz is right there. It was not plain to the point of clarity that there that there was a non-discretionary duty to put him at the front of the line. But then Judge Dawson said that even if he had jurisdiction he would exercise his discretion to decline mandamus because given the limited resources of EOIR, Judge Dawson said that that he believes it's appropriate to defer to EOIR in terms of how they prioritize the complaints against them. And that's and that's just the one final thing that I would add is that is that granting mandamus in a case like this could really create some perverse incentives. You know there is there is a backlog of cases and the reason one of the reasons there's a backlog of cases is because BARC disciplinary counsel is investigating so many of these unlike for And the perverse incentive could theoretically be to get rid of meritorious cases quickly? Well I mean the California BARC like they've got however many complaints that they get and and if you're gonna have a time limit they're gonna have to prioritize the ones that they prioritize and and you know shuck the rest or it or you get into the point where he who screams the loudest you know wins and you've got you've got complainants all over the country filing these petitions for writ of mandamus and and those cases get put at the front of the line because they file a suit in district court and everybody else just has to wait longer and longer. Thank you counsel we have your argument. So we we took some extra time with counsel for the government so we'll give you three minutes for rebuttal. Thank you. Counsel for the government the the update was was very helpful we hadn't heard where the investigation was at all but the counsel for the government state that they are currently in the preliminary investigation right now that that's ongoing and the code the ACFR one one thousand three point one oh four B states that that preliminary investigation shall be done and the result of it will be written in writing now those that language of the preliminary investigation shall and will that creates the duty and that is all we need for subject matter jurisdiction for the district court. The argument of reasonableness of the delay is really a question of fact that was inappropriately reached at this level on on the 12b6 motion and really needs discovery. The concern of pushing everyone else to the back of the line while our client gets to jump and everybody else being similarly situated has not been found. EOIR the Department of Justice knows which cases are on appeal. They know which cases have a pending motion to reopen. They know which cases have nothing no pending motion to reopen and where the complainant is already either a lawful permanent resident or citizen of the country. Those plaintiffs those complainants I should say who already have relief who whose position in this country whose status in this country is secure are not similarly situated from from our client and the same governing body EOIR that investigates attorney malpractice in this area has this information available to them. So it would be very easy in discovery for them to look and say okay well some of these some of these complainants are not in the position premise clauses and he's not simply jumping the line and he's not pushing similarly situated complainants further back in the line. With that your Honor I All right. In addition you were talking about the ability of the board to provide other forms of release to deal with the egregious conduct of prior counsel. There's nothing to keep the board from looking to the FBI and handing them for a file. They're both under the Department of Justice. There I've seen cases like this in case law and I'm sorry I don't have a site where they're held in abeyance to the outcome of either a filing of a motion to reopen or an adjudication by the board. And while mandamus is certainly warranted that's an alternative disposition. And finally there's this notion of the board acting in the public interest with disciplinary complaints. Well is not our client part of that public? Is not the public included the people who appear before the board and are adjudicated and their families who have to be without them or continue to live with them depending upon adjudication and we submit. All counsel for their helpful arguments the case just argued will be submitted.
judges: KLEINFELD, Fisher, BENNETT